**STARLING v. PRESTON et ux.**

No. 5670.

Court of Civil Appeals of Texas. Texarkana.

Nov. 7, 1940.

Rehearing Denied Nov. 21, 1940.

Cornelius & Heaton, of Jefferson, for plaintiffs in error.

Tom L. Beauchamp, Jr., of Austin, and W. W. Harris, of Pittsburg, for defendant in error.

JOHNSON, Chief Justice.

This suit is a statutory action of trespass to try title to an undivided ½ interest in the oil and gas minerals in and under the east 58.21 acres of a certain 126.21 acres of land located in Marion County, filed by C. Archie Preston and wife, Pearl Preston, against T. D. Rowell, trustee, and Arkansas-Louisiana Gas Company. M. O. Anderson was permitted to intervene as a plaintiff claiming to have acquired by purchase all the right, title and interest of the plaintiffs C. Archie Preston and wife, Pearl Preston, in said minerals subject only to the unpaid purchase money. Defendant Arkansas-Louisiana Gas Company and the defendant T. D. Rowell, trustee, duly answered. Each of the answers contained a plea of not guilty.

On May 16, 1924, J. P. Lovett owned the 126.21 acres of land in fee, and on that date he conveyed to C. Archie Preston an undivided interest (the amount of which interest being here in dispute) in the oil and gas minerals in and under said land, and in the same instrument Lovett and Preston evidenced an agreement between them with respect to a division of the profits should any be derived from sale by either or both of them of the mineral interests owned by each, within twenty-five years from date of the instrument. On July 12, 1924, Lovett conveyed the east 58.21 acres of the 126.21-acre tract to C. C. Pruitt, excepting from said conveyance an undivided ⅟₁₆ of the minerals recited as having been theretofore conveyed by Lovett to Preston. By mesne conveyances through and under Pruitt, title was acquired by T. D. Rowell, trustee, to said 58.21 acres. Rowell executed an oil and gas lease by which he conveyed the ⅞ leasehold interest covering the 58.21 acres to Arkansas-Louisiana Gas Company.

The defendant Arkansas-Louisiana Gas Company, after having answered to plaintiffs' suit, filed a motion stating that a compromise settlement had been consummated between said defendant and the plaintiffs and intervenor, whereby plaintiffs and intervenor were to receive the ⅞ leasehold interest covering the west 8 acres of said 126.21 acres in satisfaction of their claim against said defendant, and that said defendant by such settlement was to retain the ⅞ leasehold covering the remainder, and prayed that a severance be granted as to the plaintiffs' and intervenor's action against said defendant and that

same be redocketed as a separate cause and that judgment be entered confirming the compromise agreement. Upon hearing of the motion, plaintiffs and intervenor in open court joined therein and judgment was entered granting same. Thereafter T. D. Rowell resigned as trustee and his successor, J. A. Starling, was made defendant in his stead. Starling filed an answer consisting of general demurrer, general denial, plea of not guilty, and a special plea of innocent purchaser. Whereupon plaintiffs' and intervenor's cause of action against Starling as trustee went to trial before the court without a jury upon an agreed statement of facts. The matter as submitted to the court involved construction of the mineral deed executed on May 8, 1924, by J. P. Lovett to C. Archie Preston with respect to the issue of whether same conveyed an undivided ½ interest in the minerals (as claimed by plaintiffs and intervenor), or whether (as claimed by defendant) said deed conveyed only an undivided $\frac{1}{16}$ interest in the minerals. That portion of the instrument here pertinent reads as follows:

"That whereas J. P. Lovett of Harris County, State of Texas, is the owner of a certain tract or parcel of land" * * * (here follows description of the 126.21-acre tract of which the east 58.21 acres is involved in this suit).

"And, whereas, for a valuable consideration, as hereinafter set forth, the said J. P. Lovett, has this day sold and assigned and conveyed unto C. Archie Preston of Marion County, Texas, his heirs, administrators and assigns, all right, title and interest in one sixteenth ($\frac{1}{16}$) of the oil and gas rights of the above described land, and it is the desire of the said J. P. Lovett and C. Archie Preston that the said sale be formally evidenced.

"Now, therefore, for and in consideration of the sum of Ten ($10.00) to him in hand paid, the receipt of which is hereby acknowledged, confesses and the covenants herein expressed as follows: Wherein J. P. Lovett does covenant with the said C. Archie Preston and the said C. Archie Preston does covenant with J. P. Lovett, that if within twenty five (25) years from date hereof the $\frac{1}{16}$ oil and gas rights herein assigned is sold, leased, assigned or conveyed by the assigned or conveyed by the assignee herein named, that the profits derived from the sale, lease, assignment or conveyance of the $\frac{1}{16}$ oil and gas rights

herein assigned shall be derived equally between J. P. Lovett and C. Archie Preston and should J. P. Lovett sell, lease, assign or convey the $\frac{15}{16}$ oil and gas rights which he owns and retains, the profits of the sale, lease, assignment or conveyance of the said $\frac{15}{16}$ oil and gas rights retained by J. P. Lovett shall be equally divided between J. P. Lovett and C. Archie Preston and should the one-sixteenth oil and gas rights herein assigned and the said $\frac{15}{16}$ oil and gas right retained by J. P. Lovett be sold together making a $\frac{8}{8}$ oil and gas rights, the profits derived from the sale, lease, assignment of the same shall be equally divided between J. P. Lovett and C. Archie Preston.

"It being understood that the work profits as herein used shall be the net profits derived from the sale, lease, assignment or conveyance of the mineral rights herein mentioned, either together or in part. The said J. P. Lovett does hereby sell, assign and set over unto C. Archie Preston, his heirs, administrators and assigns, all the right, title and interest in the $\frac{1}{16}$ oil and gas right of the above described lands. The said C. Archie Preston hereby acquiring all right, title and interest in the $\frac{1}{16}$th oil and gas right herein described, the said J. P. Lovett, being the owner of the said $\frac{1}{16}$ (one-sixteenth) oil and gas right and having the power to sell, assign and convey the same.

"Witness my hand at Houston, Texas, this 16th day of May, A. D. 1924.

"J. P. Lovett."

It will be here noted that the agreement between Preston and Lovett expressed in the above instrument, whereby each agreed to share equally with the other any profits received from the sale, lease or conveyance of his interest in the minerals, within twenty-five years from the date thereof, is not involved in this suit. No issue is raised in the pleadings or evidence with respect to Preston's rights to recover ½ the profits, if any was made by Lovett, when Lovett sold the land, including all his interest in the minerals, to Preston. Neither Lovett nor Pruitt are parties to this suit. The questions raised in this suit are: (1) What interest (whether ½ or $\frac{1}{16}$) in the minerals was conveyed by Lovett to Preston by the terms of the above-copied mineral deed? (2) What portion of that interest did plaintiffs and intervenors own and were entitled to recover at the time of

the trial of their suit against defendant Starling, trustee?

The trial court construed the deed from Lovett to Preston as conveying to Preston "a full ⅟₁₆ of all the oil, gas and other minerals in and under the land" and entered judgment decreeing that plaintiffs C. Archie Preston and wife, Pearl Preston (subject to any rights which may have been acquired from them by intervenor Anderson), "do have and recover of and from the defendant, J. A. Starling, Receiver, a full ⅟₁₆ of all the oil, gas and other minerals in and under the above described (58.21 acres) property, *out of any interest not heretofore legally conveyed by him.* * * *" (Italics ours.)

■ Defendant has perfected a writ of error to this court. We shall continue to refer to the parties as aligned in the trial court, plaintiffs, intervenor and defendant. Defendant agrees that the trial court correctly construed the mineral deed in question as conveying to and vesting in Preston a full ⅟₁₆ undivided interest in and to all the oil, gas and other minerals in and under the land; but, it is contended, that the trial court erred in decreeing that plaintiffs are now entitled to recover a full ⅟₁₆ of all the oil and gas minerals in the land, to be taken out of any interest not heretofore conveyed by defendant. It appears that the contention must be sustained. The judgment as written has the effect of vesting in plaintiff ½ of the ⅛ royalty interest remaining after conveyance of the ⅞ leasehold, whereas plaintiffs originally owning ⅟₁₆ of all the minerals are entitled to recover ⅟₁₆ of the ⅛ royalty interest after conveyance of the ⅞ leasehold. The deed from Lovett to Preston was correctly construed as vesting in Preston a full ⅟₁₆ of all the oil and gas minerals in and under the land. The remaining ¹⁵⁄₁₆ was retained in Lovett, which by mesne conveyances from and under Lovett

became vested in the trustee. If Preston and the trustee had then joined in a lease conveying the ⅞ leasehold interest covering the land, clearly they would have owned the remaining ⅛ royalty interest in like proportions as they originally owned all the minerals, that is to say, that Preston would have owned a ⅟₁₆ of the ⅛ royalty interest and the trustee ¹⁵⁄₁₆ of the ⅛ royalty. Preston did not join the trustee in the original execution of the lease conveying to Arkansas-Louisiana Gas Company the ⅞ leasehold interest covering the land. So at the time he filed his suit against the trustee and the Arkansas-Louisiana Gas Company, Preston was entitled to recover of said defendants his full ⅟₁₆ interest in and to all the minerals in said land. But plaintiffs and intervenor compromised and settled with the Arkansas-Louisiana Gas Company as to the ⅞ leasehold interest, which amounted to a ratification and confirmation of the lease and in legal effect was equivalent to joining in its original execution. Therefore at the time plaintiffs and intervenor went to trial against the trustee they were entitled to recover only ⅟₁₆ of the ⅛ royalty interest, and not ½ of the ⅛ royalty interest as was the effect of the judgment rendered.

■ The judgment of the trial court will be reversed, but we do not think that we should here render judgment finally disposing of the cause, on account of the fact that the record recognizes that the intervenor, M. O. Anderson, has acquired an interest from Preston and wife, but it fails to show what interest Anderson acquired, nor is there any stipulation whereby Preston would be entitled to recover for the benefit of Anderson. In this condition of the record, we think the case should be reversed and remanded rather than reversed and rendered.

The judgment is reversed and the cause remanded.